UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       Case Number: 11-20365
                                                       Honorable Victoria A. Roberts

D-1 SURYA NALLANI, M.D.,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION REGARDING
THE LEGALITY OF NON-PHYSICIAN BILLING (DOC. 113)**

        This is a criminal action in which the Government alleges, among other things, that Dr. Surya Nallani ("Defendant") committed healthcare fraud by submitting claims to Medicare for medical services rendered to beneficiaries in their homes which were either: (1) never provided, or (2) provided by a nurse practitioner or physician assistant working under Defendant, but erroneously billed under Defendant's provider identification number in order to receive increased compensation.

        Before the Court is Defendant's "Motion for Order Determining Legality of Non-Physician Billing." (Doc. 113). This matter is fully briefed; the Court waives oral argument under L.R. 7.1(e)(2).

        Defendant asks the Court to enter an order "determining (1) that it is legally permissible for nurse practitioners and physician assistants to render medical services to Medicare beneficiaries in their homes; and (2) that Medicare will pay them up to 85% of the physician rate for such services or the actual charge for the service, whichever is less." Defendant extensively outlines the relevant Medicare statutes and applicable Michigan law in support of her analysis of the law.

The Government does not dispute Defendant's legal analysis. After conceding that Defendant's analysis of the law is correct, the Government raises issues that go to the merits of the allegations against Defendant; it also summarizes the different ways Defendant allegedly committed healthcare fraud and the supporting evidence. In her reply brief, Defendant attempts to dispute the merits of the Government's allegations.

After reviewing the briefs and applicable law, the Court finds that: (1) it is legally permissible for nurse practitioners and physician assistants to render medical services to Medicare beneficiaries in their homes, as long as it is in collaboration with a supervising physician and all other requirements under the Medicare statutes and Michigan law are satisfied; and (2) qualifying home services provided by nurse practitioners or physician assistants are reimbursed by Medicare at no more than 85% of the amount a physician receives for performing the services.

Whether the nurse practitioners and physician assistants working under Defendant met the statutory requirements is an issue of fact for the jury to decide, as are the parties' other arguments regarding the merits of the allegations against Defendant; the Court does not address these issues.

Defendant's Motion is **GRANTED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 4, 2014

2

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 4, 2014.

S/Carol A. Pinegar
Deputy Clerk