UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA.,

    Plaintiff,

v.                                                                    Case No: 11-20365
                                                                      Honorable Victoria A. Roberts

SURYA NALLANI, M.D.,

    Defendant,

_____/

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF NSA TELEPHONE RECORDS (Doc. # 124)**

**I.    INTRODUCTION AND BACKGROUND**

Defendant Surya Nallani ("Nallani") is charged with healthcare fraud. Nallani filed a motion to compel production of NSA telephone records under *Brady* and Rule 16 of the Federal Rules of Criminal Procedure. In the alternative, Nallani asks the Court to grant a subpoena duces tecum under Rule 17 of the Federal Rules of Criminal Procedure. Nallani says applicable law allows certain non-physician providers ("NPPs") to bill Medicare for in-home services, as long as those providers are working in collaboration with a supervising physician. She says the records will prove she properly billed Medicare for services rendered by NPPs under her supervision.

The Government says it agrees that collaboration between physicians and NPPs is allowable billing under Medicare; however, the Government says whether Nallani collaborated is irrelevant to its theories of liability because it does not accuse Nallani of

1

failing to collaborate. Instead, the Government says Nallani: (1) fraudulently billed Medicare for services provided by NPPs as though Nallani herself, a physician, provided them allowing her to obtain reimbursements from Medicare at a higher rate; (2) fraudulently billed Medicare for services not rendered by anyone, neither her nor a NPP because the beneficiaries were dead at the time the services were rendered; and (3) asserted that patients were "homebound," when many were not.

The Court **DENIES** Nallani's motion, but orders preservation of the records pending the outcome of the proceeding.

## II. DISCUSSION

### A. Materiality

Under *Brady v. Maryland*, 373 U.S. 83 (1963), a prosecutor must reveal evidence that is both favorable to the accused and material to guilt or punishment. *Owens v. Guida*, 549 F.3d 399, 415 (6th Cir. 2008). Evidence is material if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. White*, 492 F.3d 380, 410 (6th Cir. 2007). A "reasonable probability" of a different result is shown when the government's evidentiary suppression undermines confidence in the outcome of the proceeding. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

Federal Rule of Criminal Procedure 16(a)(1)(E) provides that, upon defendant's request, the government must permit the defendant to inspect, among other things, data that is within the government's possession, custody, or control if the item is material to preparing the defense. When evaluating materiality, a court considers "the logical

2

relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole." *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011).

Rule 17 of the Federal Rules of Criminal Procedure says "a subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c). In *Nixon v. United States*, 418 U.S. 683 (1974), the Supreme Court established the test the party must meet to qualify for a subpoena duces tecum. The moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.* at 699-700. And, the material requested must be relevant, admissible, and specific. *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006).

The Court is not convinced that the NSA phone records are material to Nallani's defense. Nallani says the records show that she collaborated with her NPPs while in contact with them on the telephone and legitimately billed for the services of her NPPs. However, this argument does not meet the material requirements set forth in *Brady*, Rule 16, or Rule 17; Nallani fails to demonstrate why evidence that she collaborated with her NPPs is relevant to the Governments' theories.

The first theory is that Nallani of used her NPI code instead of the NPI code of

3

her NPP to obtain reimbursements from Medicare at a higher rate. Whether or not Nallani was in contact with a NPP does nothing to refute the allegation that Nallani improperly billed for services she did not personally perform. The logical relationship between the evidence of collaboration, and the Government's allegation that she fraudulently billed for services she did not perform, is not present; Nallani could have collaborated with a NPP and still fraudulently bill for services in the manner the Government accuses her of doing.

The second theory is that Nallani billed for services rendered to patients after their death. Evidence that Nallani billed for services performed by her NPP while she supervised the NPP over the telephone does not refute the allegation that she billed for services to a dead person. Unless Nallani wants to prove she and the NPP performed services on a dead person, evidence of collaboration would not be relevant or favorable to her defense.

The third theory is that Nallani engaged in a *quid pro quo* relationship with home health care providers. The Government says Nallani had an agreement with home health agencies that they would send patients to Nallani, who would erroneously classify them as homebound on purpose, and refer the patients back to the home health services agency. Again, proof of collaboration has nothing to do with these alleged fraudulent classifications and referrals.

The Court finds that evidence of collaboration is not relevant or material to Nallani's defense.

    **B.**     **Possession by the Government**

In order for *Brady* to apply, the information must be within the control of the

4

prosecution. *Owens*, 549 F.3d at 415. Under *Brady*, the "disclosure requirement includes not just information in the prosecutor's files, but 'information in the possession of the law enforcement agency investigating the offense.'" *Id.* at 416. *See also*, *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007)("*Brady* "does not impose an affirmative duty upon the government to take action to discover information which it does not possess...[Defendant] never alleges that the Government actually possessed the [evidence] at issue here.").

Similarly, Rule 16 requires the item to be in the "government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). Unfortunately, the Sixth Circuit has not defined the term "government." Nallani asks the Court to hold that the "government" is the United States as a sovereign, and not simply the prosecutor. This would mean for discovery purposes, the "government" would be every agency operating within the federal government.

> The Court finds that definition of "government" to be problematic:
>
> knowledge on the part of persons employed by a different office of the government does not in all instances warrant the imputation of knowledge to the prosecutor, for the imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt 'a monolithic view of government' that would "condemn the prosecution of criminal cases to a state of paralysis."

*United States v. Ghailani*, 687 F.Supp.2d 365, 371 (S.D.N.Y. 2010). Some courts have limited the definition of "government" to the actual prosecution team, and the agency that participated in the prosecution or investigation, and substantially aided or counseled the prosecution team. *See*, *id.* at 372 ("the decisions at issue were so important to the timing and progress of this case that participation in the decision

making renders those individuals members of the prosecution team, at least to the extent of that participation. Accordingly, the Court holds that, for purposes of this Rule 16 motion, the term 'the government' includes individuals at DOJ who participated in advising on or making the decisions regarding [Defendant's] prosecution."). The Court finds this definition to be appropriate.

The NSA is the agency that holds the telephone records that Nallani requests. There is no evidence that the NSA participated in this investigation or counseled the prosecution team. Moreover, there is no evidence that the Government - the prosecution team or the investigating agencies - has any connection or access to the telephone records. Thus, the data is not within the Government's possession or control

### C.  Government's Theories and Preservation

Nallani says the Government has changed its theories multiple times over the course of this proceeding. The Court decides this motion based on the theories the Government identified in response to Nallani's motion. Consequently, the Court will hold the Government to its word that those are the theories of liability it is pursuing. Although the NSA records may not be relevant in defending against the Government's case in chief, the Court agrees with Nallani that the records may be relevant if the case moves to the sentencing and punishment phase. Thus, the Court will order the preservation of the records.

## III.    CONCLUSION

The Court **DENIES** Defendant's Motion, but orders preservation of the NSA telephone records pending the outcome of the proceeding.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 28, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 28, 2015.

S/Carol A. Pinegar
Deputy Clerk