UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

                                                        Case No. 11-cr-20365

v.

                                                        HONORABLE VICTORIA A. ROBERTS

SURYA N. NALLANI, M.D.,

                    Defendant.

_____/

**ORDER ON SEALING**

I.      **INTRODUCTION**

        Dr. Surya N. Nallani pled guilty under a Rule 11 Agreement to Engaging in a

Monetary Transaction in Property Derived from Specified Unlawful Activity in violation of

18 U.S.C. § 1957(a). Nallani is scheduled to be sentenced on August 8, 2016.

        Before the Court are several sentencing-related matters, including Nallani's

Motion for Downward Departure, Nallani's Sentencing Memorandum, and the

Government Responses to both. Nallani's Sentencing Memorandum is "not cast ... as a

formal pleading," but a copy was served on the Government. All of these materials are

sealed, and Nallani filed an Amended Motion to Seal all sentencing memoranda, briefs,

and exhibits, except for the exhibit list. This is improper. The Court orders Nallani and

the Government to take the following actions by Friday, August 5, 2016 at 5 p.m. After

then, the Court will unseal the remaining sentencing materials: (1) the parties must

make redactions to remove personal identification and contact information, as well as

any identification of the names of minor children; (2) the parties may voluntarily

1

withdraw any exhibits or arguments from their Court submissions which they believe should not be made public. If any party elects to withdraw material, the Court will not rely on the material for sentencing purposes.

## II.   LEGAL STANDARD

### A.   Standard on Sealing

"As the Supreme Court has repeatedly emphasized, there is a strong presumption of openness in criminal trials." Application of Storer Commc'ns, Inc., 828 F.2d 330, 336 (6th Cir. 1987). Public access to criminal trials is a fundamental right under the First Amendment. U.S. v. Beckham, 789 F.2d 401, 407 (6th Cir.1986). "The public has a qualified right of access to judicial proceedings and documents, under both the common law and the First Amendment." In re Search of Fair Fin., 692 F.3d 424, 429 (6th Cir. 2012) (citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 10 (1986) ("Press-Enter. II") (First Amendment right of access to preliminary hearings); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98 (1978) (common-law right of access to judicial documents)).

The test focuses not on whether the document was actually used by the court but, rather, on the role the document was intended to play in the exercise of the court's Article III duties. If a party submitted the document as part of the process of adjudication, the presumption of public access accorded the document is entitled to great weight. United States v. Sattar, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006).

The common-law presumption of access can be overcome if a sufficiently compelling countervailing interest is demonstrated. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006); Sattar, 471 F. Supp. 2d at 387. Similarly,

the First Amendment right can be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enter. II, 478 U.S. at 13-14.

Criminal proceedings and documents may be closed to the public without violating the First Amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) the closure is narrowly tailored to protect the compelling interest. United States v. Keifer, No. 08-cr-00162, 2009 WL 414472, at *3 (S.D. Ohio Feb. 18, 2009) (citing Press-Enter. II, 478 U.S. at 13-14; Beckham, 789 F.2d at 407 ("[n]ondisclosure of sensitive information is only justified where a compelling interest is shown and the denial of access is narrowly tailored to serve that interest)).

The party seeking to seal documents bears the burden to show that higher values overcome the presumption of access. Moreover, any claimed exception to the right of access must be based on a particularized showing of need, and any permitted redactions must be narrowly tailored to accomplish the overriding interest. See, e.g., Press-Enter. II, 478 U.S. at 13-14; Lugosch, 435 F.3d at 120.

   B.    Standard Applied to Sentencing

The Second, Fourth, Fifth, Seventh, and Ninth Circuits have concluded that the First Amendment applies to a sentencing hearing. In re Hearst Newspapers, L.L.C., 641 F.3d 168, 176 (5th Cir. 2011), as revised (June 9, 2011); United States v. Alcantara, 396 F.3d 189, 196-99 (2d Cir. 2005); United States v. Eppinger, 49 F.3d 1244, 1252-53 (7th Cir. 1995); United States v. Soussoudis (In re Washington Post Co.), 807 F.2d 383,

389 (4th Cir. 1986) (plea hearings and sentencing proceedings); <u>CBS, Inc. v. U.S. Dist. Ct.</u>, 765 F.2d 823, 825 (9th Cir. 1985) ("The primary justifications for access to criminal proceedings ... apply with as much force to post-conviction proceedings as to the trial itself."). The First Amendment right of access to a sentencing proceeding is especially salient in this case, where there was no trial, but only a guilty plea. <u>In re Hearst Newspapers, L.L.C.</u>, 641 F.3d at 177 (citing <u>Alcantara</u>, 396 F.3d at 199 (quoting <u>Application of The Herald Co.</u>, 734 F.2d 93, 98 (2d Cir. 1984) ("It makes little sense to recognize a right of public access to criminal courts and then limit that right to the trial phase of a criminal proceeding, something that occurs in only a small fraction of criminal cases.")).

Courts also recognize a First Amendment right of access to documents filed for use in sentencing proceedings. <u>Alcantara</u>, 396 F.3d at 199 (2d Cir. 2005); <u>CBS, Inc.</u>, 765 F.2d at 824-25 (defendant's motion to reduce sentence under Federal Rule of Criminal Procedure 35 and government's response); <u>United States v. Santarelli</u>, 729 F.2d 1388, 1390 (11th Cir. 1984) ("[T]he public has a First Amendment right to see and hear that which is admitted in evidence in a public sentencing hearing."); <u>United States v. King</u>, No. 10-cr-00122, 2012 WL 2196674, at *1 (S.D.N.Y. June 15, 2012).

Such materials include, for example, letters submitted in support of the defendant's sentencing submissions, and medical records on which the Court is asked to rely as a factor in mitigation in favor of the defendant. <u>King</u>, No. 10-cr-00122, 2012 WL 2196674, at *1 (citing <u>United States v. Dare</u>, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (Defendant-introduced medical information in an attempt to mitigate his sentence)); <u>Sattar</u>, 471 F. Supp. 2d at 385-87.

4

**C.      Exceptions to Public Access**

The constitutional right of public access is a qualified right that may be outweighed by competing interests in a given case. Press-Enterprise Co. v. Super. Ct., 464 U.S. 501, 511 n. 10 (1984) ("Press-Enter. I"); In re Globe Newspaper Co., 729 F.2d 47, 52. But the First Amendment presumption in favor of access can only be overcome "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enter. I, 464 U.S. at 510. One such interest is the privacy interest of the movant and third parties.

"[T]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure ... should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." United States v. Silver, No. 15-cr-00093, 2016 WL 1572993, at *5-7 (S.D.N.Y. Apr. 14, 2016) (citing Matter of New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Nevertheless, a formulaic recitation of a privacy interest will not suffice to justify sealing. Application of Nat'l Broad. Co., Inc., 828 F.2d 340, 345-46 (6th Cir. 1987) (overturning district court decision that did not support sealing conclusion with specific findings demonstrating the negative result that would follow from unsealing); United States v. King, No. 10-cr-00122, 2012 WL 2196674, at *2.

In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. "[F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." United States v. Amodeo, 71 F.3d

5

1044, 1051 (2d Cir. 1995) ("Amodeo II"); see also Sattar, 471 F. Supp. at 388 (excluding "highly personal family matters"). "The nature and degree of injury must also be weighed." Amodeo II, 71 F.3d at 1051. Finally, in balancing the qualified right of public access against privacy interests, the Court must consider "the sensitivity of the information and the subject," "the reliability of the information," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." Id.

"Furthermore, there is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute." Sattar, 471 F. Supp. at 387; see also Crawford v. Manion, No. 96 Civ. 1236, 1997 WL 148066, at *1 (S.D.N.Y. Mar.31, 1997); Whalen v. Roe, 429 U.S. 589, 603-04 (1977).

Statutes and privileges might also create an interest capable of rebutting the First Amendment and common law presumptions in favor of public access. See, e.g., United States v. Foster, 564 F.3d 852, 854 (7th Cir. 2009).

## III.   DISCUSSION

In this case, Nallani fails to make any showing of a need to seal all sentencing submissions. Nallani makes a generalized assertion of privacy to support her argument that all sentencing submissions should be sealed and she offers general reasons for sealing each exhibit. But the arguments appear more as formulaic recitations than as narrowly-crafted justifications for sealing each item, especially because the arguments are repeated in near verbatim form and because no authority or analysis is offered with respect to each exhibit. Moreover, the request to seal does not draw attention to particular portions of exhibits that might be subject to redaction instead of wholesale sealing. It is clear from Press-Enter. II and its progeny that this kind of blanket sealing

6

will not suffice. Detroit Free Press v. Ashcroft, 303 F.3d 681, 709 (6th Cir. 2002)

(quoting Press-Enter. II, 478 U.S. at 13) ("Since a qualified First Amendment right of

access attaches ..., the proceeding cannot be closed unless specific, on the record

findings are made demonstrating that closure is essential to preserve higher values and

is narrowly tailored to serve that interest.").

### A.   Michigan's Freedom of Information Act

An exemption for disclosure under the Michigan Freedom of Information Act

("FOIA"), MICH. COMP. LAWS § 15.231 et seq., does not justify sealing. The statute was

enacted to "provide for public access to certain public records of public bodies." MICH.

COMP. LAWS Ch 15, Refs & Annos. Michigan's FOIA exempts a public body from

disclosing certain specified items listed in MICH. COMP. LAWS § 15.243. Nallani suggests

that two specified items apply to her, and, as a result, justify sealing certain records.

But, the FOIA specifically excludes the judicial body from its closure requirements "[t]he

judiciary, including the office of the county clerk and employees thereof when acting in

the capacity of clerk to the circuit court, is not included in the definition of public body."

Id. at § 15.232(d)(v). Even if the Court was subject to FOIA, the language of the statute

is permissive, not mandatory; "[a] public body may [not must] exempt from disclosure as

a public record under this act any of the following." Id. at § 15.243. Consequently,

Michigan's FOIA statute does not justify an order to seal Nallani's sentencing materials.

### B.   Children's Names and Other Personal Information

Nallani asks the Court to seal sentencing materials because they contain

"information regarding the Nallani children, one of whom is a minor child," and sealing is

necessary "to protect Dr. Nallani and her children from the disclosure of this sensitive

7

information." Moreover, Nallani seeks to seal an exhibit that is an attorney's confidential

notes of a joint interview of Dr. and Mr. Nallani because the notes contain sensitive

information, including but not limited to Dr. Nallani's personal contact information and

Social Security numbers. To the extent such material has ever been provided to the

Court, it was done so improperly.

Federal Rule of Criminal Procedure 49.1 mandates redaction of personal

information. It is not the Court's burden to conduct a right of access analysis to

determine if this information should be sealed; the burden is and has been on counsel

to comply with the Rule in all filings made with the Court. Rule 49.1 states:

> a) Redacted Filings.
> Unless the court orders otherwise, in an electronic or paper
> filing with the court that contains an individual's
> social-security number, taxpayer-identification number, or
> birth date, the name of an individual known to be a minor, a
> financial-account number, or the home address of an
> individual, a party or nonparty making the filing may include
> only:
> (1) the last four digits of the social-security number and
> taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials;
> (4) the last four digits of the financial-account number; and
> (5) the city and state of the home address.

FED. R. CRIM. P. 49.1. Counsel is ordered to review their filings to ensure no

impermissible personal information has been disclosed, and must submit redacted

forms of any filings that do not comply. The Court will also give the parties the

opportunity to redact email addresses and phone numbers to the extent they have been

provided.

### C.    Attorney Client Privilege

8

Nallani seeks to seal Exhibit 13 because it contains an attorney's confidential notes of a joint interview with Dr. and Mr. Nallani. The notes contain private information that should have been redacted under Rule 49 of the Federal Rules of Criminal Procedure. Further, any privilege was waived when the client, Nallani, submitted Exhibit 13 to the Court. As to the remaining content, Nallani does not explain or provide authority for why the exhibit should be sealed. It will be unsealed.

### D.   Embarrassment

Nallani asserts the same formulaic justification for sealing almost all sentencing exhibits: "This exhibit needs to be sealed to protect Dr. Nallani and her children from the disclosure of this sensitive information, the release of which would cause great embarrassment." Courts around the country have rejected a moving-defendant's embarrassment and preference for privacy as a basis for sealing. See, e.g., United States v. Foster, 564 F.3d 852, 854 (7th Cir. 2009) (holding that a witness's or litigant's preference for secrecy is not enough.); Silver, 15-cr-00093, 2016 WL 1572993, at *5-7 (quoting United States v. Martoma, 2014 WL 164181, at *5 and Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998)) ("The mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access."); Jackson v. Deen, No. 12-cv-00139, 2013 WL 2027398, at *14 (S.D. Ga. Apr. 3, 2013) ("And outside of legislatively drawn boundaries (e.g., medical records), an adult's personal embarrassment is simply not a compelling enough reason to seal a court record."). This Court follows the national trend and finds that the potential for sensitive information to cause great embarrassment to the defendant who moved for sealing is insufficient to overcome the presumption of the right of access.

9

A different standard applies when embarrassment to third parties is implicated. The Sixth Circuit has expressed concern that "access to the documents might reveal the names of innocent people who never become involved in an ensuing criminal prosecution, causing them embarrassment or censure." In re Search of Fair Fin., 692 at 432; see also Silver, No. 15-cr-00093, 2016 WL 1572993, at *5-7 ("The degree of injury to the Jane Does, specifically to their family relationships and professional reputations, is not insignificant given that they have not otherwise been connected to or named in the Defendant's criminal prosecution."). Nallani, a defendant who pled guilty, is not an "innocent bystander." Her children, however, are. Beyond the fact that family circumstances can be considered as a factor under 18 U.S.C. § 3553(a), the Court cannot ascertain another public interest that would be served by disclosing sensitive information which pertains to Nallani's children.

The Court allows the parties to redact their filings to protect against any sensitive or embarrassing references to the Nallani children. This is a narrow ruling and is not to be read to grant permission to redact anything that might be embarrassing to children; as a criminal proceeding against both parents, nearly everything in this case could be said to have an embarrassing effect on the children. The Court envisions that the parties will redact direct references to the children, and those portions of Exhibit 3 to the Motion for Downward Departure, which is Dr. Gerald A. Schiener, M.D.'s report after interviews with a child, in which he quotes the child and makes findings about the child, but does not including findings about Nallani.

In addition, the Court is aware that certain exhibits, in particular Exhibit 14 to the Motion for Downward Departure, which is a report by the Federal Bureau of Information,

contain the names of non-party individuals and medical facilities. These people and businesses might fall into category of "innocent people who never become involved in an ensuing criminal prosecution." Without further briefing, the Court cannot know for sure if that is the case. Consequently, the Court grants the parties discretion to redact these names if they determine redaction is appropriate.

**E.   Medical Records**

Nallani requests that Dr. Gerald A. Shiener, M.D.'s report of his interviews with Nallani be sealed because it contains sensitive, confidential analyses of Dr. Nallani's mental condition. Any assertion of privilege over a document that was voluntarily submitted by both physician and patient is waived. The report is not a standard health report issued by a general physician that contains material of little pertinent value to sentencing. Instead, Dr. Shiener's report was drafted to provide context into Dr. Nallani's mental state as it pertains to the criminal act that she pled to. It is offered to influence the Court by providing credibility to assertions that Dr. Nallani was under the dominion of her husband and that she did not voluntarily undertake to commit the criminal offense. Nallani freely gave the report to the Court with the purpose of impacting an aspect of a criminal case that implicates a matter of public interest – why a defendant is given a particular sentence.

Accordingly, the balance of access versus privacy in this context suggests that public access should be afforded. See United States v. Dare, 568 F. Supp. 2d at 244 ("Here, Defendant has chosen to introduce the medical information in an attempt to mitigate his sentence. By disclosing this information, which is a critical part of the memoranda, the Court does not believe it takes a risk of discouraging the full disclosure

11

of such information in future cases. Under other circumstances, the Court could be convinced to redact a defendant's medical records, which surely are among an individual's most private matters. Here, the public right to these records, which inform the Court's sentencing, are not outweighed by Defendant Dare's considerable privacy interest in his medical records.").

This is not to say that Nallani has no interest in keeping certain portions of her medical record private. If Nallani seeks not to disclose certain medical conditions or to keep aspects of her medical history private, she may withdraw exhibits she does not want the Court to rely on, or submit redacted versions.

### F.    Remaining Materials

The remaining materials, which include civil depositions and letters written by Nallani's husband, do not present reasons that are compelling enough to overcome the presumption of public access. The materials, while highly personal in that they disclose the inner workings of her family and detail the nature of Nallani's relationship with her husband, are offered to highlight their effect on Nallani and her mental state. These materials are offered to mitigate her culpability in hopes of achieving a downward departure. They are judicial documents that are intentionally placed before the Court, with the purpose of affecting sentencing, an aspect of trial of public concern. Accordingly, any privacy interest associated with them does not justify that they remain sealed.

### IV.   CONCLUSION

Pursuant to Federal Rule of Criminal Procedure 49.1, Nallani's request to seal all of the sentencing materials before the Court is denied; the Court will unseal the

12

presently sealed sentencing materials. Nevertheless, the Court recognizes the compelling private interests that favor keeping some of the record outside of the public view. The parties must submit redacted filings in order to comply with the specified items in Rule 49.1. In addition, they may submit redacted filings that comply with the narrow permissions stated in this Order. If the parties wish to withdraw any exhibits, memoranda, or briefs, they may do so with the understanding that anything withdrawn will not be relied upon by the Court for sentencing purposes; this can be effectuated by submitting amended filings that do not contain the previously submitted information.

**IT IS ORDERED.**

S/Victoria A. Roberts

United States District Judge

Dated: 8/3/2016