AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of Michigan

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| SURYA NALLANI | ) | Case Number: 11-20365-1 |
| | ) | USM Number: 45448-039 |
| | ) | George B. Donnini  Joseph E. Richotte |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 of First Superseding Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1957 & 18 USC 1957(b)(1) | Money Laundering | 2/18/2011 | 1s |
| | | | |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  1,2,3,4,5 of Indictment   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/17/2016
Date of Imposition of Judgment

S/Victoria A. roberts
Signature of Judge

Victoria A. Roberts - U.S. District Judge
Name and Title of Judge

8/24/2016
Date

DEFENDANT: SURYA NALLANI
CASE NUMBER: 11-20365-1

# PROBATION

The defendant is hereby sentenced to probation for a term of :

3 years

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SURYA NALLANI
CASE NUMBER: 11-20365-1

## ADDITIONAL PROBATION TERMS

Defendant shall participate in a program approved by the probation department for mental health counseling.

Judgment — Page 4 of 6

DEFENDANT: SURYA NALLANI
CASE NUMBER: 11-20365-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
| **TOTALS** | $ 0.00 | $ 0.00 |   |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment—Page 5 of 6

DEFENDANT: SURYA NALLANI
CASE NUMBER: 11-20365-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the imposition of a fine, the costs of supervision due to the defendant's lack of financial resources.

Judgment—Page 6 of 6

DEFENDANT: SURYA NALLANI
CASE NUMBER: 11-20365-1

# ADDITIONAL FORFEITED PROPERTY

The defendant shall forfeit the following to the United States pursuant to Title 18, United States Code, Section 982(a)(1)(A):

1. $774,584.12 in U.S. Currency seized from Charter One Bank Account Nos. 4501065221 & 4514740992;

2. $51,129.46 in U.S. Currency seized from JP Chase Account No. 896038486; and

3. Proceeds from the Interlocutory Sales of the two vehicles:

   a. One 2008 Toyota Yaris, VIN JTDBT923081244118; and

   b. One 2006 Honda Odyssey, VIN 5FNRL38886B123470

Except for the property listed above that is being forfeited to the United States, the Government has waived its right to bring, and is forever barred from bringing, any criminal or civil forfeiture action against any other property in which the Defendant has an interest, where such action arises from, or in any way relates to, either of the following activities occurring during the period from September 1, 2005, through July 31, 2015:

(a) billing by or through Allied Geriatric Services, Inc., Srinivas Nallani, or the Defendant for medical services; or (b) to the referral of patients for home health services by or to Allied Geriatric Services, Inc., Srinivas Nallani, or the Defendant. Property exempt from criminal and civil forfeiture under this provision includes, but is not limited to:

(1) 1229 Rothwell Drive, Unit 4, Troy, MI 48090, being more fully described as: Land situated in the City of Troy, County of Oakland, State of Michigan, described as follows: Unit 4, Stonehaven Park, according to the Master Deed recorded in Liber 38961, Page(s) 298 through 346, both inclusive, First Amendment to the Master Deed recorded in Liber 39728, Page(s) 433 through 437, both inclusive, Oakland County Records, and designated as Oakland County Condominium Subdivision Plan No. 1924, together with rights in general common elements and limited common elements, as set forth in the above Master Deed and as described in Act 59 of the Public Acts of 1978, as amended. Tax Parcel ID: 20 20 228 004, titled to Srinivas C. Nallani and Surya C. Nallani, husband and wife; and

(2) $500,000 in funds from AAA Life Insurance Company Policy Number 4006546701."