```
                    UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF MICHIGAN

                           SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,               Case No.  11-20365

     -vs-

                                         Detroit, Michigan

SURYA NALLANI,                           August 31, 2015

                Defendant.
------------------------------/

                    TRANSCRIPT OF PLEA HEARING

              BEFORE THE HONORABLE VICTORIA A. ROBERTS

                 UNITED STATES DISTRICT COURT JUDGE
```

**APPEARANCES:**

For the Government:    **John K. Neal**
                       **Philip A. Ross**
                       United States Attorney's Office
                       211 W. Fort Street
                       Detroit, MI 48226

For the Defendant:     **Joseph E. Richotte**
                       **George Donnini**
                       BUTZEL LONG, P.C.
                       Stoneridge West
                       41000 Woodward Avenue
                       Bloomfield Hills, MI 48304

**Proceedings taken by mechanical stenography, transcript produced by computer-aided transcription**

**JANICE COLEMAN, CSR 1095, RPR**
**OFFICIAL FEDERAL COURT REPORTER**
**(313) 964-5066**

```
 1                    Detroit, Michigan
 2                    Monday, August 31, 2015
 3                    (At about 3:13 p.m.)
 4                           - - -
 5                  (Call to Order of the Court)
```

6   THE CLERK OF THE COURT: Court calls the case of United States of America versus Surya Nallani, case number 11-20365-1.  Counsel, please state your appearances for the record.

9   MR. NEAL:  Good afternoon, Your Honor.  John Neal  and Phillip Ross appearing on behalf of the United States.

11  MR. RICHOTTE:  Good afternoon, Your Honor.  Joe Richotte and George Donnini appearing on behalf of Dr. Nallani.

13  THE COURT: Thank you.  You can take your seats.  Good afternoon, everyone. I understand that Dr. Nallani is waiving her right to be indicted by Grand Jury and I have to arraign her on the First Superseding Information, is that correct?

16  MR. RICHOTTE:  That is correct, Your Honor.

17  THE COURT: So let me just first, Dr. Nallani, inquire.  Good afternoon.

18  DR. NALLANI:  Good afternoon.

19  THE COURT:  Dr. Nallani, do you understand that you have a right -- and you can remain seated.  Just use the microphone.  You have a right to have a Grand Jury review the evidence that the Government has in this case and in -- the Grand Jury would issue an Indictment against you.  You understand that?  Lawyers have gone over that?

24  DR. NALLANI: Yes.

25  THE COURT: And you have waived your right to have a Grand Jury

1 return an Indictment against you, is that true?

2 DR. NALLANI: Yes. Yes, it is.

3 THE COURT: So the Government has filed this First Superseding Information against you instead of the Indictment and it charges you in Count One with Money Laundering in violation 18 U.S. Code 1957. Do you understand that?

6 DR. NALLANI: Yes.

7 THE COURT: Dr. Nallani, we have a court reporter here, Mrs. Coleman, and she has to record everything that happens during this proceeding this afternoon. She has to record everything and that means that we can't -- she can't interpret a nod of your head and you have to give verbal responses to all the questions that are asked here this afternoon. Can you do that?

12 DR. NALLANI: Yes.

13 THE COURT: Yes?

14 DR. NALLANI: Yes.

15 THE COURT: So you have signed an Acknowledgment of the First Superseding Information. Counsel, what plea does your client want to enter with respect to this Information?

18 MR. RICHOTTE: A not guilty plea, Your Honor.

19 THE COURT: Is that true, Dr. Nallani?

20 DR. NALLANI: Yes.

21 THE COURT: And then we will proceed now. I understand that with respect to that charge, Dr. Nallani now wants to plead guilty and is doing so under a Rule 11 Plea Agreement, correct?

24 MR. RICHOTTE: Yes. Correct, Your Honor.

25 THE COURT: The Court is going to place you under oath in a few

1   moments and will have questions for you.  Counsel may have questions for you as
2   well.  The point of the questioning will be to make certain that you want to plead guilty
3   today.  We need to make certain also that you understand the charges against you,
4   that you through your own testimony can establish a factual basis for this plea.  We
5   need to know that you understand the rights that you are losing and we need to know
6   that you are competent to enter a guilty plea, o that will be the point of the
7   questioning.
8       If you don't understand anything before you answer the question, please feel
9   free to talk to your lawyers.  Once you give an answer, we're going to assume that
10  you understood the question and that your answer is truthful and if you don't give
11  truthful answers, you could face another charge; that would be a charge of Perjury or
12  the Court may take that into account in deciding what your sentence should be.
13  Do you understand?
14          DR. NALLANI:  Yes.
15          THE COURT: And are we ready to proceed, Mr. Donnini?
16          MR. DONNINI:  Yes, Your Honor.
17          THE CLERK OF THE COURT: Would you raise your right hand please?
18  Do you swear or affirm to give truthful testimony?
19          DR. NALLANI:   (No response given)  I'm sorry.
20          MR. RICHOTTE:  Could you repeat the question please?
21          THE COURT: Do you swear or affirm to give truthful testimony?
22          DR. NALLANI:   (No response given)
23          THE COURT: Why don't we pause for a moment, okay?  And you call
24  me when Dr. Nallani is prepared to do this.  We're adjourned for the moment..
25              (Court recessed at about 3:22 p.m.)

| | |
|---|---|
| 1 | (At about 3:29 p.m.) |
| 2 | (Court, Counsel and parties present) |
| 3 | THE COURT: Are we ready to continue? |
| 4 | MR. RICHOTTE: Yes, Your Honor. |
| 5 | THE CLERK OF THE COURT: Will you raise your right hand please? |
| 6 | Do you swear or affirm to give truthful testimony? |
| 7 | DR. NALLANI: Yes. |
| 8 | THE COURT: Dr. Nallani, would you give me your full name please? |
| 9 | DR. NALLANI: Surya Nallani. |
| 10 | THE COURT: And Dr. Nallani, have you gone by any other name? |
| 11 | DR. NALLANI: No. |
| 12 | THE COURT: Have you used any other name beyond Surya Nallani? |
| 13 | DR. NALLANI: No. |
| 14 | THE COURT: And can you give me your date of birth? |
| 15 | DR. NALLANI: It's 7/24, 1967. |
| 16 | THE COURT: What city do you live in now? |
| 17 | DR. NALLANI: Troy, Michigan. |
| 18 | THE COURT: How long have you been at your current address? |
| 19 | DR. NALLANI: Probably around eight years. |
| 20 | THE COURT: Do you have children? |
| 21 | DR. NALLANI: Yes. |
| 22 | THE COURT: And do they live with you? |
| 23 | DR. NALLANI: My son lives with me. |
| 24 | THE COURT: How old are your children? |
| 25 | DR. NALLANI: My daughter is 20 and my son is 12. |

| | |
|---|---|
| 1 | THE COURT: Are you working now? |
| 2 | DR. NALLANI: Yes. |
| 3 | THE COURT: Tell me where are you working? |
| 4 | DR. NALLANI: I work at Business Health Solutions. It's part-time. |
| 5 | THE COURT: And where is that located? |
| 6 | DR. NALLANI: It's in Livonia. |
| 7 | THE COURT: What do you do there? |
| 8 | DR. NALLANI: I'm a physician. I work with Urgent Care. |
| 9 | THE COURT: How long have you been there? |
| 10 | DR. NALLANI: Two years. |
| 11 | THE COURT: And tell me a little bit about your education, Dr. Nallani. |
| 12 | DR. NALLANI: Do you want it from school or just -- |
| 13 | THE COURT: School. |
| 14 | DR. NALLANI: I went to school in India. Do you need the name? |
| 15 | THE COURT: No, no. And then -- well, was all of your education in |
| 16 | India? |
| 17 | DR. NALLANI: My Med School was in India. |
| 18 | THE COURT: What was the name of that? What is the name? |
| 19 | DR. NALLANI: The school is SCB Medical College. |
| 20 | THE COURT: When did you graduate? |
| 21 | DR. NALLANI: I graduated in 1992. |
| 22 | THE COURT: And did you do a residency in India or United States? |
| 23 | DR. NALLANI: In the United States. I got married and then we came |
| 24 | here in '94 and then I did my first year of residency at Henry Ford in '99 and then from |
| 25 | 2000 to 2002 I did two years of internal medicine residency at Temple University in |

1  Philadelphia, and then after that I did a year of Fellowship in nephrology in St. John's
2  Hospital here in Michigan. I didn't complete. I did just one year.
3      THE COURT: Dr. Nallani, are you a U.S. citizen?
4      DR. NALLANI: Yes
5      THE COURT: You became naturalized in what year?
6      DR. NALLANI: August, 2009.
7      THE COURT: Do you have any difficulty reading English?
8      DR. NALLANI: No.
9      THE COURT: Any difficulty writing it?
10     DR. NALLANI: No.
11     THE COURT: You signed a Rule 11 Plea Agreement on July 31, I
12 believe. In the 24 hours before you signed it and in the last 24 hours, have you taken
13 any prescription medicine?
14     DR. NALLANI: No.
15     THE COURT: Any illegal drug?
16     DR. NALLANI: No.
17     THE COURT: What about alcohol?
18     DR. NALLANI: I don't drink.
19     THE COURT: Do you feel competent today to go forward and enter this
20 plea of guilty to Money Laundering?
21     DR. NALLANI: Yes.
22     THE COURT: Let me ask some questions now about representation --
23 your lawyers and their representation of you. How long have they been your counsel?
24     DR. NALLANI: Since 2012.
25     THE COURT: And so you talked to them, met with them numerous

1   times about the charges against you?

2         DR. NALLANI: Yes.

3         THE COURT: Did you read the Rule 11 Plea Agreement yourself?

4         DR. NALLANI: Yes. Yes.

5         THE COURT: You did? And did you talk to your lawyers about it before

6   you signed it?

7         DR. NALLANI: Yes. Yes. Yes.

8         THE COURT: And were they able to answer all of the questions you

9   had about the Rule 11 Agreement before you signed it?

10         DR. NALLANI: I didn't have any questions.

11         THE COURT: Did you understand it completely?

12         MR. RICHOTTE: Your Honor, if I may just have a quick moment?

13         THE COURT: Sure.

14         DR. NALLANI: Yes.

15         THE COURT: How do you say your name?

16         MR. RICHOTTE: Richotte.

17         THE COURT: Richotte, okay. So did you have any questions about the

18   Rule 11 Agreement?

19         DR. NALLANI: No.

20         THE COURT: But you understood it completely before you signed it?

21         DR. NALLANI: Yes.

22         THE COURT: And you had a discussion with your lawyers before you

23   signed it?

24         DR. NALLANI: Yes.

25         THE COURT: There is some hesitation here, Mr. Donnini and Mr.

1  Richotte. I can't put my finger on it. What should I do here?
2              MR. DONNINI: Your Honor, I think it's very obvious she's very nervous.
3  I will represent to the Court we went over this Rule 11 Agreement on multiple
4  occasions. I believe she fully understands it. I believe she did have questions; we
5  answered them. We went over it time and time again, so I'm -- with that I hope the
6  Court's inclined to proceed. I think it's really just that she's very nervous sitting here
7  today in open court.
8              MR. RICHOTTE: I would agree with that, Your Honor.
9              THE COURT: All right. Well, we will continue. Dr. Nallani, do you have
10 any complaints about Mr. Richotte's and Mr. Donnini's representation of you?
11             DR. NALLANI: No, not at all.
12             THE COURT: You've been satisfied with what they've done for you?
13             DR. NALLANI: Yes, very.
14             THE COURT: So now let me go over the rights that you're going to lose
15 if this Court accepts your plea of guilty. The first is your right to remain silent. What
16 that means is that you're not obligated to enter this guilty plea today. You can require
17 the Government -- you can stay quiet and you can require the Government to prove
18 your guilt. Do you understand you're giving up your right to remain silent by pleading
19 guilty today?
20             DR. NALLANI: Yes.
21             THE COURT: And you also would have a Constitutional right to go
22 forward and have a trial, to have counsel appointed to represent you at that trial and
23 to testify at that trial, so no trial. Do you understand you're giving up those rights in
24 connection with the trial?
25             DR. NALLANI: I don't want to go to trial. I have a 12-year old.

| | |
|---|---|
| 1 | THE COURT: I'm sorry.  I didn't hear you. |
| 2 | DR. NALLANI: Yes. |
| 3 | THE COURT: That trial could be by a jury and you would be able to |
| 4 | assist your lawyers in selecting 12 people who would listen to the evidence in this |
| 5 | case and who could decide that you are not guilty.  Do you understand you're giving |
| 6 | up your right to a jury trial by pleading today? |
| 7 | DR. NALLANI: Yes. |
| 8 | THE COURT: You also, Dr. Nallani, are giving up your presumption of |
| 9 | innocence.  When the Government charges citizens with crimes, they do it by way of |
| 10 | Indictment, they do it by way of an Information and it's not evidence of guilt.  It is the |
| 11 | way the Government puts citizens on notice that they face criminal charges and you |
| 12 | have a presumption of innocence.  By pleading guilty today you will be giving up that |
| 13 | presumption of innocence.  Do you understand? |
| 14 | DR. NALLANI: Yes. |
| 15 | THE COURT: The burden that would be on the Government if you were |
| 16 | going to have a trial would be to prove that you are guilty beyond a reasonable doubt. |
| 17 | The Government has that burden in every criminal case regardless of who the |
| 18 | Defendant is and regardless of what the charge is.  Do you understand that you are |
| 19 | relieving the Government of that burden by saying you want to plead guilty today? |
| 20 | DR. NALLANI: I can't go to trial.  I have a 12-year old son.  Yes.  Yes. |
| 21 | THE COURT: You also have rights with respect to witnesses, Dr. |
| 22 | Nallani.  The Government would call witnesses against you at trial.  Your lawyers |
| 23 | would be able to cross-examine those witnesses.  You then would have the right to |
| 24 | put on your own case, your own evidence, call your own witnesses and if anyone |
| 25 | wasn't willing to come to court, they could be subpoenaed and required to come in |

1 and take the witness stand. A jury would hear all of this and could conclude that you
2 are not guilty. Do you understand that by pleading today you are waiving all your
3 rights with respect to witnesses?
4         DR. NALLANI: Yes.
5         THE COURT: There are other rights that you have that will be affected,
6 Dr. Nallani. Once the Court accepts your plea of guilty, you will be convicted of a
7 felony. You will not be able to have anything to do with a dangerous weapon,
8 particularly a firearm. Your right to vote in Michigan may be affected. Your right to
9 serve on a jury may be affected and the Court doesn't have an exhaustive list of all
10 your rights that may be affected. Without knowing what they all are, are you still
11 ready to plead guilty today?
12         DR. NALLANI: Yes.
13         THE COURT: You also in your Rule 11 Plea Agreement have given up
14 your appellate rights. That means if this Court sentences you within the agreed upon
15 Guideline range and not higher, unless it becomes higher because criminal history is
16 found, you are giving up your right to appeal your guilty plea and you're giving up your
17 right to appeal your sentence. Do you understand that?
18         DR. NALLANI: Yes.
19         THE COURT: Thank you. Mr Neal, Mr. Ross, would you go over the
20 statutory penalties please?
21         MR. NEAL: Yes, Your Honor. The Defendant is entering a plea of guilty
22 to Count One of the First Superseding Information which charges Money Laundering
23 in violation of 18 U.S. Code Section 1957. The statutory maximum term of
24 imprisonment for that charge is 10 years. The statutory maximum term of supervised
25 release following any terms of imprisonment would be three years, and the maximum

1  fine for that charge would be $250,000 or twice the value of the laundered funds.

2  THE COURT: Thank you.  Dr. Nallani, do you understand those
3  statutory penalties?

4  DR. NALLANI: Yes, yes.

5  THE COURT:  And do you understand the Court can impose other
6  penalties on you as well such as the cost of prison, probation or supervised release?

7  DR. NALLANI:  Yes.

8  THE COURT:  Is there a restitution provision or just a forfeiture?

9  MR. NEAL:  Just a forfeiture in this case, Your Honor.

10  THE COURT:  Dr. Nallani, I need to ask you questions about a criminal
11  record.  Other than the conviction you'll have after today, have you been convicted of
12  any other crime?

13  DR. NALLANI:  No.

14  THE COURT: And other than what you face in this court, do you have
15  any criminal charges pending against you anywhere else in the United States?

16  DR. NALLANI:  No.

17  THE COURT: Thank you.  Can we review the Rule 11 Plea Agreement?

18  MR. NEAL:  Yes, Your Honor.  As I stated, the Defendant will be
19  entering a plea to the sole Count of the First Superseding Information which charges
20  Money Laundering in violation of Section 1957 of Title l8.

21  The agreed Guideline range in the Rule 11 Plea Agreement is between 21 and
22  27 months imprisonment.

23  With respect to supervised release there is no agreement, but the statutory
24  maximum term of supervised release is three years.

25  Dr. Nallani will pay a Special Assessment of $100 given that she's pleading

1 guilty to one Count.

2 The parties have agreed that no fine is appropriate in this case, so part of the
3 Rule 11 is that no fine will be imposed.

4 With respect to restitution, this is a Money Laundering offense. There is no
5 restitution. There's a fairly detailed forfeiture provision in the Rule 11 and actually I
6 have to defer to my colleague on the forfeiture to outline the forfeiture for the record
7 and for the Court's eye in a moment, so with the Court's permission we will come back
8 to that.

9 With respect to the Medicare Program and other Federal Health Care
10 Programs, the Defendant is a physician and she's agreed that she will be excluded
11 from Medicare, Medicaid and all other Federal Health Care Programs and that she'll
12 be surrendering her license to prescribe controlled substances. She's also agreed to
13 execute all necessary documents to make that exclusion final and implement it.

14 Dr. Nallani may withdraw from the Agreement and may withdraw her guilty plea
15 if the Court decides to impose a sentence higher than the maximum allowed under
16 Paragraph Two which in this case is 27 months. So if the Court chose to impose a
17 sentence above that level, Dr. Nallani would have a chance to withdraw from the Plea
18 Agreement and have a chance to withdraw her guilty plea as well.

19 With respect to the appeal waiver, the Court already covered this. If the
20 sentence is below 27 months' imprisonment, Dr. Nallani is giving up her right to any
21 appeal waiver or to any appellate review of the conviction or sentence. With respect to
22 the appeal waiver, the Government has agreed to waive its appellate authority if the
23 sentence imposes at least 21 months in this case.

24 There is a provision -- the Rule 11 styled non-prosecution agreements and this
25 involves other potential offenses. The Government has agreed not to further

1 prosecute Dr. Nallani for fraud, false statements, paying or receiving health care
2 kickbacks or any other offenses arising from her billing for medical services or referral
3 of patients for home health services from September, 2005 through the date of this
4 Agreement, so through today. The Government also has agreed not to seek to
5 denaturalize Dr. Nallani for her conduct arising from her billing for medical services --
6     THE COURT: (Interjecting) The Government can do that?
7     MR. NEAL: Excuse me?
8     THE COURT: The Government can denaturalize citizens?
9     MR. NEAL: The government can denaturalize citizens if in fact they are
10 convicted of a criminal offense prior to the dates of their naturalization. There's a
11 provision of the Naturalization Agreement that immigrants seeking to become
12 naturalized U.S. citizens sign in which they represent that they have not committed
13 any offense for which they've not been prosecuted. So the Government can in fact
14 denaturalize immigrants who commit offenses prior to their date of naturalization and
15 do not disclose those offenses to the Government.
16     THE COURT: So was there an allegation that Dr. Nallani engaged in
17 criminal conduct before August of 2009?
18     MR. NEAL: The original Indictment did include a date range beyond -- I
19 think it went back to May of 2007. So given that, the Government is waiving any right
20 to denaturalize Dr. Nallani or any efforts to denaturalize Dr. Nallani for offenses that
21 are covered in this Rule 11 Agreement.
22     THE COURT: Got it.
23     MR. NEAL: Other than the forfeiture which I'll turn to Mr. Ross to outline
24 for the Court, I believe those are the relevant provisions.
25     THE COURT: Okay, thank you.

1   MR. NEAL: Thank you, Your Honor. The forfeiture provisions begin on
2   page five, paragraph F. The Defendant is stipulating to the forfeiture of two bank
3   accounts listed on subparagraph F(1) A, B -- (a) and (b) and that is for $774,584.12
4   seized from the Charter One account and $51,129.46 seized from a JP Morgan
5   Chase account.
6   There are two vehicles listed in which the Defendant has stipulated to the
7   forfeiture.
8   There are also provisions in which the Government has agreed to on page
9   seven release an Affidavit of Interest which has been filed against a piece of real
10  property at 1229 Rothville Drive in Troy, Michigan.
11  The Government is also waiving any right it may have to pursue any proceeds
12  collected from a wrongful death action pending in another court in this district.
13  The Government has also agreed to file an interpleader action within 14 days
14  of the entry of this Plea Agreement with respect to a $500,000 death benefit that has
15  been paid by AAA life insurance for the deceased, Srinivas Nallani, and that was at
16  the request of the Defense.
17  THE COURT: Thank you. Dr. Nallani, did Counsel for the Government
18  just accurately describe the Rule 11 Plea Agreement that you entered into?
19  DR. NALLANI: Yes.
20  THE COURT: And other than what is in this Rule 11 Plea Agreement,
21  has anybody made any kind of promise or representation to you?
22  DR. NALLANI: No.
23  THE COURT: Has anybody threatened you or forced you to plead
24  guilty?
25  DR. NALLANI: No.

| | |
|---|---|
| 1 | THE COURT: And are you doing this today freely and voluntarily? |
| 2 | DR. NALLANI: Yes. |
| 3 | THE COURT: So how do you plead to Count One of the First |
| 4 | Superseding Information which charges you with engaging in a monetary transaction |
| 5 | and property derived from specific -- from specified unlawful activity? How do you |
| 6 | plead? |
| 7 | DR. NALLANI: I committed a crime. Guilty. |
| 8 | THE COURT: You plead guilty, all right. Counsel, do you want to voir |
| 9 | dire Dr. Nallani or do you wish me to do it or can she make a statement about this? |
| 10 | MR. RICHOTTE: I believe she's prepared to provide a factual basis, |
| 11 | Your Honor. |
| 12 | THE COURT: Dr. Nallani, why are you pleading guilty today? |
| 13 | DR. NALLANI: So I'm taking the plea because I committed a crime. |
| 14 | MR. RICHOTTE: Your Honor, may I have just a brief moment? |
| 15 | THE COURT: Sure. |
| 16 | MR. RICHOTTE: I believe we're ready, Your Honor. |
| 17 | THE COURT: Okay. |
| 18 | DR. NALLANI: So number one is I had multiple bank accounts. |
| 19 | THE COURT: I'm sorry, Dr. Nallani. I didn't get any of that. |
| 20 | DR. NALLANI: I'm taking this plea for my son because he's 12 years |
| 21 | old. I swear to God, I didn't do this. I'm scared of my husband. |
| 22 | MR. RICHOTTE: May we have a moment, Your Honor? |
| 23 | THE COURT: Yes. |
| 24 | MR. DONNINI: Your Honor, may we impose on the jury room again if |
| 25 | we can take a couple minutes? |

1     THE COURT: Certainly. Sure.

2     (Court recessed at about 3:50 p.m.)

3     (At about 4:02 p.m.)

4     (Court, Counsel and parties present)

5     THE COURT: Thank you. You can take your seats. So Mr. Richotte

6 and Mr. Donnini, I don't know that I'm comfortable with proceeding given Dr. Nallani's

7 hesitation today.

8     DR. NALLANI: I'm sorry to waste everybody's time.

9     THE COURT: That's okay. Don't be sorry.

10     DR. NALLANI: I memorized everything. I can tell you everything. I have

11 to take the plea. I --

12     THE COURT: (Interjecting) Wait, wait, wait. What do you think,

13 Counsel?

14     MR. NEAL: Your Honor, I share the Court's discomfort. I think it might

15 be better if we took a week or two and gave Dr. Nallani a little bit more time with her

16 attorneys.

17     THE COURT: Yeah, I'm sorry. I can't do this today. I wouldn't feel right.

18     MR. RICHOTTE: I appreciate that, Your Honor.

19     THE COURT: So Carol had a date. If it doesn't work, she can pick

20 another date and we will resume this at another time. All right, Dr. Nallani?

21     DR. NALLANI: I'm really sorry.

22     THE COURT: That's okay. Don't apologize. We're adjourned. Thank

23 you.

24     MR. NEAL: Thank you, Judge.

25     **(Proceedings adjourned at about 4:03 p.m.)**

```
 1                         - - -
 2
 3              COURT REPORTER'S CERTIFICATION
 4
 5   STATE OF MICHIGAN)
 6                   ) SS.
 7   COUNTY OF WAYNE )
 8
 9       I, Janice Coleman, Federal Official Court Reporter, in and
10   for the United States District Court for the Eastern District
11   of Michigan, do hereby certify that pursuant to Section 753,
12   Title 28, United States Code, that the foregoing is a true and
13   correct transcript of the stenographically reported proceedings
14   held in this matter and that the transcript page format is in
15   conformance with the regulations of the Judicial Conference of
16   the United States.
17
18                       /S/ JANICE COLEMAN
19                       JANICE COLEMAN, CSR NO. 1095, RPR
20                       FEDERAL OFFICIAL COURT REPORTER
21
22   DATED:  March 12, 2017
23
24
25
```